UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN M. KESLING,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADA COUNTY SHERIFF'S OFFICE,<br><br>　　　　　Defendant. | Case No. 1:12-cv-00075-CWD<br><br>**INITIAL REVIEW ORDER** |

　　　　The Court previously withheld its mandatory initial review of Plaintiff's pro se Prisoner Complaint until he had an opportunity to notify the Court whether he intended to represent himself or to retain counsel. (Dkt. 8.) Plaintiff responded by filing a "Notice of Intent to Proceed Under Representation of Counsel," in which he indicated that he was still "awaiting a decision" from a law firm. (Dkt. 9.) The Court thereafter set a deadline for Plaintiff, at his request, to submit an amended complaint, but that deadline has now expired without an appearance from counsel or the filing of an amended complaint by Plaintiff. (Dkt. 14.)

　　　　Accordingly, the Court will now review Plaintiff's original Complaint to determine whether it or any of its claims are subject to summary dismissal under 28 U.S.C. § 1915 and § 1915A.

**INITIAL REVIEW ORDER - 1**

## BACKGROUND

Plaintiff, now a prisoner at the Idaho Correctional Center, alleges in his Complaint that he was infected with the Hepatitis C virus ("HCV") when he was detained at the Ada County Jail between March 20, 2011, and December 16, 2011. (Complaint, Dkt. 1, p. 1.) According to Plaintiff, he was infected as a direct result of the Jail's inadequate sanitation practices, which included re-issuing improperly sterilized razors and employing known HCV-positive workers in the Jail's kitchen. (*Id.*) Plaintiff contends that, before he was housed at the Jail, he had a "clean bill of health, including being free of HCV," but because of a previous liver condition, "it [is] now a near certainty, according to doctors, that the onset of HCV will ultimately require a liver transplant if treatment is unsuccessful." (*Id.*)

Plaintiff brings his Complaint under 42 U.S.C. § 1983 against the "Ada County Sheriff's Office," asserting that he was subjected to cruel and unusual punishment, in violation of his rights under the Eighth Amendment, and denied equal protection of the laws under the Fourteenth Amendment. (Dkt. 3, p. 2.) He seeks compensatory and punitive damages, "including but not limited to costs of current and future medical care." (*Id.* at 3.)

## STANDARD OF LAW

The Court is required to review all prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss a

**INITIAL REVIEW ORDER - 2**

prisoner or in forma pauperis complaint, or any portion thereof, that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); § 1915A(b).

A complaint should also be dismissed under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege that a person acting under color of state law violated his rights protected by the Constitution or created by federal statute. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). There is no respondeat superior liability under § 1983, meaning that a state official is not liable unless he or she personally participated in the alleged constitutional violations or, as a supervisor, knew of and failed to prevent those violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## DISCUSSION

The Court finds that regardless whether Plaintiff's factual allegations could state a colorable claim under the Eighth and Fourteenth Amendments, the Complaint is subject to summary dismissal because Plaintiff has not yet named a proper defendant. A civil

**INITIAL REVIEW ORDER - 3**

rights plaintiff must generally name the specific person or persons acting under color of state law who the plaintiff deems directly responsible for the constitutional injury that he or she has suffered. The only defendant that Plaintiff has named – the Ada County Sheriff's Office – is a subdivision of Ada County and is not a separate legal entity that can be sued under § 1983. *Cf. Mahoney v. Kitsap County Jail*, 474 Fed. Appx. 573 (9th Cir. 2012) (holding that a "jail is not a legal entity subject to suit under § 1983").

Under some circumstances, a local governmental entity like Ada County can be a proper defendant in a § 1983 lawsuit. *See Monell v. Dep't. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). But local governments are not liable simply because they employ the person whom the plaintiff claims violated his or her constitutional rights. To state a claim against a local governmental entity, the plaintiff must instead allege that the entity had a policy, custom, or practice that was the moving force behind the constitutional injury. *Monell*, 436 U.S. at 694. This may include "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).

Here, Plaintiff has not alleged facts from which a factfinder could reasonably conclude that staff at the Jail were following an Ada County policy, custom, or practice when the Jail's allegedly insufficient hygiene practices resulted in the transmission of HCV to Plaintiff. Even if the Court were to construe the Defendant in this action to be Ada County instead of the Sheriff's Office, then, it would nonetheless find that Plaintiff has failed to state a claim on which relief may be granted.

**INITIAL REVIEW ORDER - 4**

Moreover, if Plaintiff believes that Sheriff Gary Raney, as the official in charge of managing the Jail's day-to-day affairs at the time, was responsible for his injury, he must allege facts tending to show that Raney had knowledge of and acquiesced in his subordinates' unconstitutional conduct, or that he recklessly ignored the rights of the inmates under his care. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). That is, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (citing *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted)). Plaintiff has presently offered no allegations that would support a theory of liability against Raney.

For these reasons, the Complaint is vulnerable to dismissal under 28 U.S.C. § 1915(e)(2) and § 1915A(b). Plaintiff will first be given leave to amend his Complaint to set forth a policy claim against Ada County, or he may identify and name as defendants the individual Ada County Jail staff members who made the decisions or engaged in the practices that Plaintiff believes created a substantial risk that HCV would be transmitted from inmate to inmate. This may include Sheriff Raney, but only if Plaintiff can state facts that sufficiently tie Raney to the alleged constitutional injury.

Failure to allege facts showing a policy-based claim lies against the County, or failure to name a proper individual defendant who personally participated in the alleged

**INITIAL REVIEW ORDER - 5**

violation, will likely result in dismissal of this case.[1]

Plaintiff's Application to Proceed In Forma Pauperis will be deemed moot, but the Court will revisit the Application if Plaintiff files an amended complaint. Even if Plaintiff is granted in forma pauperis status, he will still be required to pay the full $350.00 filing fee, but it will be taken out of his prison trust account in installments rather than up front at filing. 28 U.S.C. § 1915(b).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 12) is DEEMED MOOT, subject to reconsideration in the event that Plaintiff files an amended complaint. Plaintiff should submit a new inmate trust account statement with an amended complaint that shows his updated financial information.

2. No later than 21 days from the date of this Order, Plaintiff shall file an amended complaint to cure the deficiencies noted herein, or the case will likely be dismissed without prejudice. Together with any amended complaint, Plaintiff shall file a motion, labeled "Motion to Proceed with

---

[1] If Plaintiff can state a colorable claim for relief against at least one proper defendant, and the Court allows him to proceed, he may later seek to include additional defendants, if any, whose identities are presently unknown to him but who may be revealed during the discovery process.

**INITIAL REVIEW ORDER - 6**

Amended Complaint."[2]

DATED: January 23, 2013

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] Plaintiff has sent a letter to the Court asking whether he may use lined notebook paper to submit his filings because ICC no longer provides blank 8 ½ by 11 inch indigent paper. (Dkt. 16.) The Court will accept filings from pro se prisoners that are legible and written neatly on any type of common white paper that can be scanned and saved on the Court's electronic CM/ECF docket.

**INITIAL REVIEW ORDER - 7**